UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Janet Corbett,

    Plaintiff,

    v.                                     Case No. 1:05cv583

Rex Wolfgang,                        Judge Michael R. Barrett

    Defendant.

**OPINION & ORDER**

This matter is before the Court upon Plaintiff Janet Corbett's Motion for Partial Summary Judgment (Doc. 15) and Defendant Rex Wolfgang's Motion for Summary Judgment (Doc. 16). The Parties have filed Memoranda in Opposition (Docs. 26, 27) and Replies (Docs. 28, 29). This matter is ripe for review.

Plaintiff brings a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] Plaintiff alleges that Defendant violated the FDCPA by engaging in deceptive, unfair and/or unconscionable debt collection practices. (Doc. 1) Specifically, Plaintiff alleges that Defendant pursued a state-court eviction and back rent action against her knowing that his client's claims were legally groundless.

**I.    ANALYSIS**

    **A.    Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[1]Plaintiff's Complaint also mentions the Ohio Consumer Sales Practice Act, Ohio Rev. Code § 1345.01 *et seq.*, but appears that Plaintiff is not bringing a claim under this Act.

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial. *Id.* at 324. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-480 (6th Cir. 1989).

### B. Fair Debt Collection Practices Act

The FDCPA was enacted to combat certain "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA only applies to "debt collectors," which the statute defines as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

In *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995), the Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." For a court to find that an attorney or law firm "regularly" collects debts for purposes of the FDCPA, a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice. *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999). Factors to be considered in this analysis include: (1) the volume of the attorney's collection activities; (2) the frequent use of a particular debt collection document or letter; (3) whether there exists a steady relationship between the attorney and the collection agency or creditor he or she represented; (4) what

portion of the overall caseload debt collection cases constitute; (5) and what percentage of revenues derive from debt collection activities. *Id.* Even where debt collection takes up a minor portion of a law practice, "debt collector" liability may lie where the defendant has an "ongoing relationship" with a client whose activities substantially involve debt collection. *Id.*

Defendant has filed his affidavit in the record. (Doc. 21, Wolfgang Aff.) Defendant states that he practices in the areas of construction litigation, commercial litigation, and legal advice and representation of condominium and homeowner association. (Id. ¶ 9) Defendant states that he consistently has more than 200 clients at any one time. (Id.) Defendant explains that of these approximately 200 clients, sixty-one are condominium and/or homeowner associations. (Id.) Defendant explains further that he will sue on behalf of four of these condominium associations to collect overdue condominium fees. (Id. ¶ 10) Defendant states that the collection of these overdue fees is a small part of the work that he does or these clients. (Id.) Defendant explains that over the last several years, he has spent less than one percent of his professional time litigating the collection of late condominium and/or home owner association fees. (Id. ¶ 11) Defendant states that over the last several years, less than one percent of his income has been derived from this collection litigation. (Id.)

Defendant explains that no one in his firm is devoted solely to the collection or litigation of consumer debt. (Id. ¶ 12) Defendant states that he does not represent, and has never represented any commercial debt collectors or commercial landlords. (Id.)

Plaintiff's main argument is that Defendant's affidavit consists of conclusory factual statements and cannot support summary judgment. Federal Rule of Civil Procedure 56(e)

provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Defendant's statements in the affidavit are based on his personal knowledge of his practice, the facts contained in the affidavit would be admissible in evidence, and Defendant is competent to testify to matters regarding his practice. Therefore, Defendant has satisfied the requirements of Rule 56(e).

Plaintiff argues that the figures in Defendant's affidavit indicate that he may have analyzed various documents. Plaintiff states that Defendant not provided these documents in discovery or entered the documents into the record.

The Court finds that this argument does not carry any weight. A party moving for summary judgment may satisfy its burden to show that there are no genuine issues of material fact simply "by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005), *quoting Street v. J.C. Bradford & Company*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citations omitted). The fact that the evidence may be in the control of the defendant does not change the plaintiff's burden to show sufficient evidence from which a jury could reasonably find in his or her favor, again, so long as he or she has had a full opportunity to conduct discovery. *Id.*, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, (1986). Here, Plaintiff has the burden of showing that Defendant is a debt collector, as that term is defined in the FDCPA. There is no indication that Plaintiff did not have a full opportunity to conduct discovery on this matter. Therefore, the Court concludes that Defendant's Affidavit is sufficient to

support or oppose summary judgment. *Accord Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 409 (6th Cir. 1998) (affidavit by attorney, without evidence from plaintiff creating an issue of material fact regarding attorney's practice, establishes that attorney is not a "debt collector" under the FDCPA because he is not a lawyer who "regularly" tries to obtain payment of consumer debts through legal proceedings).

Plaintiff also argues that Defendant's deposition testimony and a document printed from the records of the Hamilton County Clerk of Courts show that Defendant is a debt collector under the FDCPA. Plaintiff argues that between July 25, 2005 and May 25, 2006, Defendant filed twenty-nine foreclosure cases in Hamilton County on behalf of two of his condominium association clients. (Doc. 22-7, Wolfgang Depo. Ex. E) Plaintiff argues that these foreclosure actions are for the collection of condominium fees, and constitute debt collection under the FDCPA. Plaintiff concedes that the issue of whether attorneys who bring foreclosure actions are "debt collectors" is an open one in the Sixth Circuit. However, the Court finds that it is unnecessary to reach that issue because Plaintiff's evidence is insufficient to show that Defendant "regularly" engages in consumer-debt-collection activity.

Plaintiff has only pointed to these twenty-nine cases. This says little about the factors the Sixth Circuit has identified as relevant to analyzing whether an attorney is a debt collector under the FDCPA. On the other hand, Defendant's Affidavit shows that the percentage of revenues that Defendant derives from his debt collection activities is less than one percent. Likewise, in his overall caseload, debt collection cases make up less than one percent of the cases. Defendant only performs debt collection work for four of his approximately two hundred clients. While Defendant has an ongoing relationship with these four clients, the collection work is a small part of the work that he does for these

clients. While Plaintiff has identified twenty-nine foreclosure cases files in one year, the Court finds that this is not a great enough volume to constitute debt collection. *Cf. Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 63 (2d Cir. 2004) (where firm filed 145 three-day notices for payment of overdue rent within a 12-month period, firm was debt collector); *see also Schroyer v. Frankel*, 197 F.3d 1170, 1173, 1177 (6th Cir. 1999) (where firm handled 50-75 collection cases annually, constituting less than 2% of overall practice, maintained no non-attorney staff or computer aids for debt collection, and debt collection activity came from non-collection business clients and was "incidental to, and not relied upon or anticipated in," firm's practice of law, firm was not debt collector). There is no evidence that Defendant frequently used a particular debt collection document or letter; employed a regular system for preparing and filing the foreclosure actions; or regularly employed any of his staff for preparing and filing foreclosure actions.

Based on the foregoing, the Court concludes that Defendant does not regularly collect debts for purposes of the FDCPA. Therefore, there can be no liability under the FDCPA. Accordingly, the Court hereby **DENIES** Plaintiff Janet Corbett's Motion for Partial Summary Judgment (Doc. 15) and **GRANTS** Defendant Rex Wolfgang's Motion for Summary Judgment (Doc. 16). This matter shall be **CLOSED** and stricken from the Court's docket.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett, Judge
                                               United States District Court